ALBANY,
Feb. 1811.

HOTCHKISS
v.
RELIGIOUS
SOCIETY.

---

HOTCHKISS *against* The Trustees of The FIRST RE-
LIGIOUS SOCIETY in the town of HOMER.

*A corporation may sue, though it cannot be sued, before a justice's court.*

IN ERROR, on *certiorari*, from a justice's court. The action in the court below was brought by the defendants in error, being an incorporated religious society, against the plaintiff in error, to recover the amount of his subscription to certain articles of agreement, made by the members of the society, for raising a certain annual sum for the support of a minister of the gospel, during the period of six years, from the 20th *December*, 1802.

The plaintiffs below appeared by attorney; and after issue joined, and a trial by jury, a verdict was found for the plaintiffs.

On the return to the *certiorari*, several objections were

made to the proceedings before the justice, which were submitted to the court, without argument; but the only question decided by the court, was, whether the justice had jurisdiction, the plaintiffs being a corporation.

*Per Curiam.* The suit below was brought by a religious society, in its corporate capacity, and the question is, whether the justice had jurisdiction of the case. It was lately decided in this court, (*5 Johns. Rep.* 347.) that a corporation cannot be sued before a justice. There are insuperable difficulties in the way of a suit against a corporation, among which it is sufficient to mention, that the justice has no process provided by the act, to compel a corporation to appear. But when they are plaintiffs, they can constitute an attorney to appear for them, and conduct the suit, and the jurisdiction of the justice extends to all personal actions, where the demand does not exceed 25 dollars. The only objection to the cognisance of a suit by a corporation, is to the form of the execution provided by the statute, which is to issue against the goods and chattels, and in default of the goods and chattels, against the body of the party who may not be specially exempted; and if the plaintiff fails in the suit, the defendant is entitled to the same process for his costs, and for the balance which, in cases of set-off, may have been found in his favour. The execution, so far as respects the body, could not be executed against the corporation, nor could such an execution issue in any other court. The defendant then would have all the remedy that could be afforded him, if he was sued in a higher court. This objection does not, therefore, seem sufficient to destroy the jurisdiction of the justice. If the judgment then be in favour of the defendant, the execution can issue in the usual form; and it would be effectual, as against the goods and chattels of the corporation, and could only be inoperative as to the residue of it. The defendant would still have adequate remedy upon his judgment, and all

that could be afforded him, if express jurisdiction had been given in the case. There is a very great convenience to all parties, in sustaining such suits; for to compel a cor- poration to sue for small demands in the higher courts, would operate oppressively, as to costs, whichever party might be entitled to them.

The provisions of the ten pound act do not seem to furnish any other objection to the suit, than that arising from the form of execution, and for the reasons already mentioned, that objection does not appear, of itself, to be sufficient.

The judgment below must, accordingly, be affirmed.

Judgment affirmed.